**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| PATRICIA BROWNE ARTHUR, Derivatively on Behalf of FANNIE MAE f/k/a FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) Case No. 1:07-cv-02130-PLF ) ) ) |
| Plaintiff, | ) |
| vs. | ) ) |
| DANIEL H. MUDD, ROBERT J. LEVIN, MICHAEL J. WILLIAMS, THOMAS A. LUND, PETER S. NICULESCU, WILLIAM B. SENHAUSER, KENNETH J. BACON, LINDA K. KNIGHT, ROBERT T. BLAKELY, BETH A. WILKINSON, DAVID C. HISEY, STEPHEN M. SWAD, H. PATRICK SWYGERT, STEPHEN B. ASHLEY, JOE K. PICKETT, LESLIE RAHL, JOHN K. WULFF, GREG C. SMITH, BRIDGET A. MACASKILL, DENNIS R. BERESFORD, BRENDA J. GAINES, KAREN N. HORN, LOUIS J. FREEH, JOHN C. SITES, JR., THOMAS P. GERRITY and KENNETH M. DUBERSTEIN, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants, | ) ) |
| -and- | ) ) |
| FANNIE MAE f/k/a FEDERAL NATIONAL MORTGAGE ASSOCIATION, a Federally chartered corporation, | ) ) ) ) |
| Nominal Defendant. | ) ) ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF**
**DESIGNATION OF RELATED CIVIL CASES PENDING IN THIS OR ANY OTHER**
**UNITED STATES COURT**

Plaintiff Patricia Browne Arthur ("Plaintiff") submits this memorandum in response to Defendants'[1] Notice of Designation of Related Civil Cases Pending in This or Any Other United States Court ("Notice"), seeking to relate this action to the actions styled: (i) *In re Fannie Mae Derivative Litigation*, Case No. 04-1783 (ii) *Kellmer v. Raines, et al.*, Case No. 07-1173; and (iii) *Middleton v. Raines, et al.*, Case No. 07-1221 (collectively, the "Prior Actions") pursuant to Rule 40.5 of this Court. Defendants wrongfully claim that the Prior Actions involve common issues of fact with this action and grow out of the same event or transaction as this action. *See* Notice attached hereto as Exhibit A. This action, however, involves different wrongdoing which did not occur until after, and does not concern, the allegations in the Prior Actions and, therefore, should not be deemed related to the Prior Actions.

## I.     THE PRIOR ACTIONS SIGNIFICANTLY DIFFER FROM THIS ACTION

Plaintiff's claims arise out of Defendants' violations of state and federal law that occurred between May 2006 and the present. ¶1.[2] Specifically, Plaintiff alleges that Defendants took advantage of a gap in Fannie Mae's financial reporting by failing to disclose the full extent of Fannie Mae's exposure to the subprime mortgage crisis until November 9, 2007. ¶¶3, 5, 64-69. Plaintiff also alleges that during this time, the Individual Defendants wrongfully caused Fannie Mae to repurchase over $2.6 million worth of its own shares at artificially inflated prices. ¶¶6, 72.

Defendants, however, have sought to have this Court relate this action and its distinct allegations to the Prior Actions which involve wholly separate alleged accounting manipulations

---

[1] "Defendants" refers to Daniel H. Mudd, Robert J. Levin, Michael J. Williams, Thomas A. Lund, Peter S. Niculescu, William B. Senhauser, Kenneth J. Bacon, Linda K. Knight, Robert T. Blakely, Beth A. Wilkinson, David C. Hisey, Stephen M. Swad, H. Patrick Swygert, Stephen B. Ashley, Joe K. Pickett, Leslie Rahl, John K. Wulff, Greg C. Smith, Bridget A. Macaskill, Dennis R. Beresford, Brenda J. Gaines, Karen N. Horn, Louis J. Freeh, John C. Sites, Jr., Thomas P. Gerrity, Kenneth M. Duberstein (collectively referred to as the "Individual Defendants") and nominal defendant Fannie Mae f/k/a Federal National Mortgage Association ("Fannie Mae" or the "Company").

[2] All paragraph references ("¶___" or "¶¶___") are to the Verified Derivative Complaint for Breach of Fiduciary Duties, Waste of Corporate Assets, Unjust Enrichment and Violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, filed on November 26, 2007).

dating back to 1998. This action and the Prior Actions not only involve different facts and events but also involve different claims, different parties, different relevant periods and different legal theories and standards.

### A.     The Prior Actions Concern the Company's Past Accounting Scandal

The Prior Actions concern Fannie Mae's accounting restatement of over $6 billion, which covered falsified earnings during fiscal years 1998 through mid-2004. The defendants named in the Prior Actions were the members of Fannie Mae's Board of Directors (the "Board") that presided over the Company during fiscal years 1998 through mid-2004 – the time period when the Company's earnings were falsified.[3] Specifically, the plaintiffs in the Prior Actions alleged that the defendants manipulated the Company's financial statements, in part, by improperly deferring – or "cookie-jarring" – income and expenses to subsequent periods, improperly adjusting amortization factors to increase or decrease income as desired, making manual changes to interest income or expenses to meet goals and making improper use of so-called "hedge-accounting" on derivative contracts, all in violation of Generally Accepted Accounting Principles ("GAAP"). The Prior Actions also concern certain investment banks' wrongful participation in transactions designed and implemented to assist the defendants with the improper manipulation of reported earnings.

The plaintiffs in the Prior Actions allege that the defendants falsified Fannie Mae's financial statements so that they and other Company insiders could meet projected earnings per share ("EPS") targets, and thus unjustly enrich themselves to the tune of over $245 million in undeserved compensation. Specifically, the plaintiffs allege that the Company's former Chairman and Chief Executive Officer, Franklin D. Raines and former Vice-Chairman and Chief Financial

---

[3]  Because the Prior Actions concern different facts and relevant time periods than this action, the Prior Actions name a total of twenty-six defendants that are not named in this action. Moreover, this action names a total of seventeen defendants that are not named in the Prior Actions.

Officer, J. Timothy Howard, were the architects of this scheme.[4] None of these allegations are present in this action.

### B. This Action Concerns Different Wrongdoing that Occurred in the Wake of Fannie Mae's Accounting Scandal

This action does not concern the Company's accounting scandal which occurred during fiscal years 1998 through mid-2004, but instead concerns Defendants' wrongful actions from May 2006 to the present (the "Relevant Period").

In 2006, a subprime mortgage crisis erupted as delinquency rates went up in non-traditional mortgages such as subprime mortgages. ¶¶53-60. During the first stage of the crisis, several prominent subprime lenders declared bankruptcy because liquidity dried up and the lenders found themselves unable to continue originating loans. ¶59. The Individual Defendants knew that Fannie Mae, as a purchaser of mortgage assets and grantor of mortgage-related securities, would be exposed to losses as a result of the subprime mortgage crisis. ¶59. Nevertheless, rather than disclosing the risk to Fannie Mae's earnings, the Individual Defendants took advantage of a gap in Fannie Mae's financial reporting[5] in order to conceal the Company's exposure to this crisis. ¶3. In fact, it was not until November 7, 2007 that Defendants disclosed that the Company's earnings for the first three quarters of fiscal 2007 had declined by over $2 billion due to exposure to the subprime mortgage crisis. ¶¶5, 69-70.

Shortly thereafter, on November 26, 2007, Plaintiff filed this shareholder derivative action on behalf of Fannie Mae against certain of its officers and directors, alleging various state law claims and violation of sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Act").[6] Specifically, Plaintiff alleges that – from May 2006 through August 2007 – Defendants

---

[4] Tellingly, these two principle wrongdoers in the Prior Actions are not even named as defendants in this action.

[5] As a result of Fannie Mae's past accounting scandal, the Company had not filed a financial report with the Securities and Exchange Commission ("SEC") since 2004. ¶3.

[6] In contrast, the Prior Actions do not allege violation of section 10(b) and 20(a) of the Act for the defendants' accounting manipulations during fiscal years 1998 through mid-2004.

- 3 -

wrongfully failed to disclose that Fannie Mae's mortgage portfolio was experiencing billions of dollars worth of losses due to the subprime mortgage crisis. ¶¶3, 5, 64-69. In fact, Fannie Mae's untimely financial reports did not adequately report the Company's exposure to the subprime mortgage crisis until after the Company's earnings had already declined by $2 billion. ¶71. Moreover, Plaintiff alleges that in May 2006 – while Fannie Mae's stock was artificially inflated – Fannie Mae's Board also wrongfully authorized the repurchase of up to $100 million of the Company's shares. ¶¶6, 72. As a result of Defendants' wrongdoing, Fannie Mae's credibility has been devastated, as reflected by the Company's $38.1 billion market capitalization loss. ¶73. All these allegations result from discrete wrongdoing which is unrelated to the allegations in the Prior Actions.

### C. Defendants Cannot Identify a Sufficient Commonality Between This Action and the Prior Actions to Deem These Actions Related

Defendants base their Notice on their claim that this action and the Prior Actions involve "common issues of fact" and "grow[] out of the same event or transaction." Notice at 1. It appears that Defendants' are basing their argument on Plaintiff's brief reference to how Defendants took advantage of a gap in Fannie Mae's financial reporting that resulted from the Company's failure to file financial reports with the SEC due to the Company's $6.3 billion accounting scandal. This fact, however, is not at issue in this action. Fannie Mae's past accounting scandal, its restatement and its failure to timely file its financials is undisputed and merely provides a background to the critical allegations that are at issue in this action. Moreover, Plaintiff's allegations "grow out of" the subprime mortgage crisis – not the Company's accounting scandal of three years ago. This action and the Prior Actions involve different facts and different wrongdoing which arose out of different events at different points in time. The fact that the different wrongdoing alleged in the Prior Actions preceded the wrongdoing in this action is wholly insufficient to deem these actions related.

### II. CONCLUSION

The alleged wrongdoing in this action – which took place from May 2006 through August 2007 and which concerned Defendants' failure to disclose the Company's exposure to the

- 4 -

subprime mortgage crisis – is not related to the Company's past accounting scandal, which occurred over three years ago and concerned different wrongdoing. Thus, Plaintiff respectfully requests that this action not be deemed related to the three separate derivative actions because they do not involve common issues of fact with this action, nor do they grow out of the same event or transaction as this action.

DATED: January 9, 2008                     THE MASON LAW FIRM, LLP


/s/ Gary E. Mason
GARY E. MASON
DC Bar #418073
1225 19th Street N.W.
Suite 500
Washington, DC 20036
Telephone: (202) 429-2290
Facsimile:  (202) 429-2294

ROBBINS UMEDA & FINK, LLP
BRIAN J. ROBBINS
MARC M. UMEDA
ASHLEY R. PALMER
610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile:  (619) 525-3991

Attorneys for Plaintiff

306108_5

- 5 -

CLERK'S OFFICE  
UNITED STATES DISTRICT COURT  
FOR THE DISTRICT OF COLUMBIA

CO-932  
Rev. 4/96

NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING  
IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. 07-cv-2130  
(To be supplied by the Clerk)

NOTICE TO PARTIES:

Pursuant to Rule 40.5(b)(2), you are required to prepare and submit this form at the time of filing any civil action which is related to any pending cases or which involves the same parties and relates to the same subject matter of any dismissed related cases. This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the cases is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

NOTICE TO DEFENDANT:

Rule 405(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

NOTICE TO ALL COUNSEL

Rule 405(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

The plaintiff, defendant or counsel must complete the following:

I. RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).

A new case is deemed related to a case pending in this or another U.S. Court if the new case: [Check appropriate box(es) below.]

- [ ] (a) relates to common property
- [x] (b) involves common issues of fact
- [x] (c) grows out of the same event or transaction
- [ ] (d) involves the validity or infringement of the same patent
- [ ] (e) is filed by the same pro se litigant

2. RELATIONSHIP OF NEW CASE TO DISMISSED RELATED CASE(ES)

A new case is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the <u>same</u> parties and <u>same</u> subject matter.

Check box if new case is related to a dismissed case: [ ]

3. NAME THE UNITED STATES COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT):

4. CAPTION AND CASE NUMBER OF RELATED CASE(E-S). IF MORE ROOM IS NEED PLEASE USE OTHER SIDE.

In re Fannie Mae Derivative Litigation ___ v. ___ (see page 2 for additional cases) ___ C.A. No. 04-1783

December 12, 2007  
DATE

Signature of Plaintiff/Defendant (or counsel)  
Michael J. Walsh

Clerk's Office
United States District Court
For the District of Columbia

Notice of Designation of Related Civil Cases Pending
In This Or Any Other United States Court

*Arthur v. Mudd, et al.*, Civil Action No. 07-2130
(Page 2 of 2)

Caption and Case Number of Additional Related Cases

*Kellmer v. Raines, et al.*, Case No. 07-1173 (RJL)
*Middleton v. Raines, et al.*, Case No. 07-1221 (RJL)

## CERTIFICATE OF SERVICE

I certify that on December 12, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record in this matter who are registered on the CM/ECF.

                                        /s/ Michael J. Walsh, Jr.
                                        Michael J. Walsh, Jr.