# ROBBINS UMEDA & FINK, LLP

### ATTORNEYS AT LAW

BRIAN J. ROBBINS*
MARC M. UMEDA
JEFFREY P. FINK
FELIPE J. ARROYO
GEORGE C. AGUILAR
S. BENJAMIN ROZWOOD
KEVIN A. SEELY†
CRAIG W. SMITH

610 WEST ASH STREET, SUITE 1800
SAN DIEGO, CALIFORNIA  92101
TELEPHONE (619) 525-3990
FACSIMILE (619) 525-3991

STEVEN J. SIMERLEIN
CAROLINE A. SCHNURER
MARK A. GOLOVACH
LOUIS A. KERKHOFF
SHANE P. SANDERS
REBECCA A. PETERSON
ASHLEY R. PALMER
DANIEL R. FORDE
ARSHAN AMIRI
JULIA M. WILLIAMS
GREGORY E. DEL GAIZO

*Admitted in CA & CT
†Admitted in CA, CNMI & Guam

June 24, 2008

**VIA ECF**

Clerk of the Court
U.S. District Court for the District of Columbia
333 Constitution Avenue, NW
Washington, DC 20001

>        **Re:**   *Arthur v. Mudd*, *et al.*,
>                  **Case No. 1:07-cv-02130-RJL**

Dear Clerk of the Court:

The above entitled action was filed on November 26, 2007.  After personally serving individual defendants Beth Wilkerson, Kenneth Bacon, Robert Blakely and nominal defendant Fannie Mae as early as November 29, 2007, Robert Stern, defense counsel from O'Melveny & Myers, LLP ("O'Melveny") contacted us and requested that we stop personally serving the individual defendants at their home addresses.  Rather than us personally serving the individual defendants, Mr. Stern explained that he would handle service.  Accordingly, we sent Mr. Stern waivers of service on December 17, 2007 and we did not file the proofs of service for those defendants already served.  Mr. Stern, however, never signed and returned the waivers of service.

We contacted Mr. Stern several times to inquire on the status of service and the waivers of service, but Mr. Stern explained that he still needed to determine service for one outside director.  As a courtesy and at the request of Mr. Stern, we provided the defendants who had been served with an extension to respond to the complaint so that Mr. Stern would have an opportunity to solve any outstanding service issues.

As of April 2, 2008, Mr. Stern explained that he was still trying to determine service issues.  Then, on April 28, 2008, an appearance was made on behalf of defendant Leslie Rahl. We immediately contacted Mr. Stern to inquire about the appearance on behalf of defendant Rahl by separate counsel.  Mr. Stern explained that he was similarly confused by the special counsel's

*Arthur v. Mudd, et al.,* Case No. 1:07-cv-02130-RJL
June 24, 2008
Page 2

appearance because he thought he had an agreement that all officers would be represented by O'Melveny and all outside directors by Latham & Watkins LLP. Mr. Stern agreed to discuss this latest development with defense counsel and contact us within a couple of days following our April 28, 2008 conversation. He has not.

We sent Mr. Stern an email on May 7, 2008, to which Mr. Stern did not reply. We also left Mr. Stern a voicemail, but he failed to return our call. Then, on June 9, 2008, we sent Mr. Stern a follow-up email explaining that we would be forced to begin service again if he did not get back to us promptly. Once again, we left Mr. Stern a voicemail explaining the same.

To date, Mr. Stern has failed to execute the waivers of service and has failed to contact us in any manner concerning the service issues explained above. As a result, we are now forced to reissue the summonses. We reserve our right to seek the cost of such service against defense counsel pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Thank you for your assistance with this matter.

Very truly yours,

s/ Ashley R. Palmer
ASHLEY R. PALMER

APR/acm

Enclosures

cc: All counsel of record (via ECF)